

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-1119-20, PD-1120-20, & PD-1121-20

### THE STATE OF TEXAS

v.

### RAYMOND SOTO, Appellee

### DISSENT TO REFUSAL TO GRANT
### STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

**KELLER, P.J., filed a dissenting opinion.**

The courts below concluded that an arrested suspect's question, "Can I call my lawyer, sir?" was an unambiguous assertion of his Fifth Amendment right to counsel (to consult an attorney prior to or during interrogation). I am unaware of any case law from this Court supporting this conclusion, and I am not at all sure that it is correct. Because the issue here is one of importance that the lower courts need guidance on, I would grant review.

An apartment manager called the police because boxes smelling of marijuana, addressed to Appellee's apartment number, had been delivered to the office. Police came to the location, waited

for Appellee to pick up the boxes, and as he was carrying them away, asked him why he was picking them up. Appellee said they were not his. Appellee was then placed under arrest for possession of marijuana. After a search incident to arrest, Appellee asked, "Can I talk to my lawyer, sir?" The detective responded, "Well — you can do that — if I take you to jail. You will be given a phone call at that time. That's just how the procedure works so — we don't stop and I give you a phone and say 'Call him right now.' That's not how it goes. But yes, you get a call." This interaction was recorded on a bodycam video, and according to a finding made by the trial court, the officer chuckled as he answered Appellee's question.

In a motion to suppress, Appellee contended that the officer illegally searched the boxes, that this allegedly illegal search led to an interrogation, and that the interrogation formed the basis for a search warrant for Appellee's apartment that led to the discovery of more contraband.[1] The trial court concluded that the search of the boxes was not illegal because Appellee had no expectation of privacy in them. But the trial court raised an additional issue, not raised by Appellee: whether Appellee had asserted his Fifth Amendment right to counsel. The trial court concluded that Appellee's question to the officer was a "clear invocation" and suppressed the evidence obtained in the search of the apartment.[2]

The court of appeals concluded that the Appellee's question was an unambiguous assertion of his Fifth Amendment right to counsel because he "did not equivocate in his desire to call his lawyer

---

[1] The officer described the contraband in the apartment as "hash" and further described that as an oil derivative of marijuana.

[2] The trial court appears to have not considered the caselaw that a *Miranda* violation is not a proper basis for suppressing physical evidence discovered as a result of the interrogation. *See Wells v. State*, 611 S.W.3d 396, 406 (Tex. Crim. App. 2020). The State does not raise this issue in its petition.

by prefacing the request with 'maybe' and he was not vague about who he wished to call."[3]  The appellate court stated that the trial court assessed Appellee's "demeanor and tone of voice on the bodycam video" within the context of the surrounding circumstances.[4]  The court of appeals specifically disagreed with the State's contention that Appellee's question was about "whether an *opportunity* to call a lawyer existed"[5] because he had just been arrested and was being subjected to custodial interrogation.[6]

To be effective for Fifth Amendment purposes, an assertion of the right to counsel in connection with interrogation must be unambiguous.[7]  The State contends that the court of appeals's analysis has created a sizable "gray area" between what is an "assertion" and what is not.  Citing *Pecina v. State*, the State points out that there are multiple possible reasons for asking for an attorney after being arrested.[8]  The State makes some good points.

And as discussed above, the court of appeals cited the trial court's ability to look at demeanor and tone on a video.  Although the circumstances leading up to a defendant's statement regarding

---

[3]  *State v. Soto*, Nos. 04-19-00427-CR, 04-19-00428-CR, & 04-19-00429-CR, 2020 Tex. App. LEXIS 8458, *10 (Tex. App.—San Antonio October 28, 2020).

[4]  *Id.* at *10.

[5]  *Id.* at *13.

[6]  *Id.* at *13-14.

[7]  *Davis v. United States*, 512 U.S. 452, 459-60 (1994) ("the suspect must unambiguously request counsel . . . 'a statement either is such an assertion of the right to counsel or it is not' . . . he must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney" and "the police must respect a suspect's wishes regarding his right to have an attorney present during custodial interrogation.").

[8]  *See Pecina v. State*, 361 S.W.3d 68, 78 (Tex. Crim. App. 2012).

counsel are sometimes relevant, relying on ineffable factors such as demeanor and tone would seem to be a bridge too far, turning a bright-line inquiry based on the language the suspect uses into an ambiguous inquiry into his possible intent.

More importantly, we have previously surveyed a number of cases from various jurisdictions dealing with whether a given statement qualifies as an unambiguous assertion, both pro and con, and Appellee's question does not neatly line up with any of the ones discussed.[9]

Moreover, a "can I call my lawyer" question seems common enough upon arrest that this Court should clarify the legal significance of that question under that circumstance. The fact that the trial court reached out and decided the issue without any prompting from the defendant also suggests that this issue is important enough for us to provide guidance on. Because the Court chooses not to address the issue, I respectfully dissent.

Filed: April 14, 2021

Publish

---

[9] *See Davis v. State*, 313 S.W.3d 317, 339-41 (Tex. Crim. App. 2010). Perhaps the closest is one from the Ninth Circuit, holding the following to be an unambiguous assertion: "Can I talk to a lawyer? At this point, I think maybe you're looking at me as a suspect, and I should talk to a lawyer. Are you looking at me as a suspect?" *Id.* at 340 (quoting from *Smith v. Endell*, 860 F.2d 1528, 1529 (9th Cir. 1988)). The question in the Ninth Circuit case seems more related to interrogation than Appellee's question, and in any event, the Ninth Circuit is not binding authority.